**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LE WANG, | No. 18-71976 |
| Petitioner, | Agency No. A097-873-011 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019[**]

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Le Wang, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Wang's second motion to reopen as untimely and numerically barred where he filed it nine years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and where he failed to demonstrate materially changed country conditions in China to qualify for an exception to the time and numerical limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 990-91 (evidence must be "qualitatively different" to warrant reopening). We reject Wang's contention that the BIA did not properly evaluate all of his evidence.

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**